IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                Plaintiff,                                          ORDER

        v.                                                         10-cv-416-bbc

JOSEPH BEAHM,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In an order entered in this case on July 27, 2010, I assessed plaintiff a $1.67 initial partial payment of the $350 filing fee and gave him until August 16, 2010, in which to make his payment. Now plaintiff has submitted a letter in which he asks the court to waive the initial partial payment because he has no money in his regular or release accounts. In addition, plaintiff has included with his letter a trust fund account statement for July 2010 showing that he has a zero balance in his institution accounts. Although plaintiff asserts that his lack of income precludes him from paying the assessed amount, I cannot find that he qualifies for waiver of the initial partial filing fee under 28 U.S.C. § 1915(b)(4).

        Pursuant to §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Unfortunately, plaintiff's immediate lack of income is not sufficient by itself to allow me to

1

conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In <u>Newlin v. Helman</u>, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

In measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, the trust fund account statement plaintiff submitted with his complaint shows that plaintiff had one deposit to his account on March 25, 2010, totaling $50.00. From this deposit, I calculated plaintiff's initial partial payment as $1.67. Section 1915 does not grant courts discretion to reduce or waive an initial partial payment, even if the only deposit made was taken immediately to pay a past debt. However, initial partial payments assessed under § 1915(b)(1) are to receive priority over plaintiff's other debts. <u>Walker v. O'Brien</u>, 216 F.3d 626, 628 (7th Cir. 2000)(initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, the fact that plaintiff owes money in other cases does not prevent him from utilizing a new deposit to make the $1.67 payment he still owes for his initial partial payment in this case.

It may well be that plaintiff will not be able to pay the $1.67 payment he has been assessed within the time directed below. If that turns out to be the case, I will consider that plaintiff has withdrawn this action and he will not owe a filing fee. In that event, if, at some future time, plaintiff is able to make an initial partial payment or enough time elapses that a six month trust fund account statement would show that he has no means to make an initial partial payment, he would be free to file a new lawsuit.

ORDER

IT IS ORDERED that plaintiff Jesse Williams's motion to waive the initial partial payment in this case, dkt. #6, is DENIED. Plaintiff may have an enlargement of time to September 17, 2010 in which to submit a check or money order made payable to the clerk of court in the amount of $1.67. If, by September 17, 2010, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 23d day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3